**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric C Zamora, | No. CV-20-00043-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

Plaintiff, a prisoner acting pro se, filed this action on January 27, 2020. The Amended Complaint alleged that certain Defendants failed to protect him, and he was beaten by other prisoners injuring his knee. Subsequently, Defendants Corizon and Riley violated his Eighth Amendment rights by being deliberately indifferent to his serious medial needs related to the knee injury. The failure to protect claim was dismissed by this Court in its screening Order. (Doc. 7.) The Court issued a Scheduling Order (Doc. 13) including 150 days for discovery, which commenced on April 20, 2021, when the Court denied a motion by Defendants for summary judgment based on an alleged failure by Plaintiff to exhaust administrative remedies. Order (Doc. 35)).

Pursuant to an extension of time the Defendants filed a Motion for Summary Judgment on November 17, 2021. (Riley MSJ (Docs. 45 and 46); Corizon (Docs. 47 and 48.) On March 21, 2022, the Court issued an Order notifying the Plaintiff that to survive the motion for summary judgment, he must file a Response and accompanying Statement of Facts by April 29,2022. (Order (Doc. 49)). On April 12, 2022, the Plaintiff filed a Motion

for Extension of Time because he doesn't understand the requirement to file a Separate Statement of Facts and needs time to seek documents from the Health Unit/Medical.

The time for discovery closed October 20, 2021. The Plaintiff does not explain why he could not secure his medical and/or health unit records during the time allowed for discovery. He does not identify a specific record that he does not have that he needs to respond to the Defendants' motions. The Defendants have relied on Plaintiffs' medical records and the Plaintiff may rely on those same documents. The Court will not waive the requirement for a Statement of Facts; the Statement of Facts should include a citation to the evidentiary record supporting each statement of fact. To waive this requirement would be a disservice to the Plaintiff because it would jeopardize his ability to survive summary judgment. *See* (Order: Rand Notice (Doc. 49) at 2 (citing LRCiv. 56.1(b)); Fed. R. Civ. P. 56(c)(1)(A) nd (B). "Pro se litigants must follow the same rules of procedure that govern other litigants." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). The Plaintiff must do the best he can. Persons proceeding pro se are required to follow the federal and local rules

**Accordingly,**

**IT IS ORDERED** that the Motion for Extension of Time (Doc. 50) is GRANTED IN PART AND DENIED IN PART, as follows: the deadline for filing the Response and Statement of Facts is extended to: <u>June 4, 2022</u>. NO FURTHER EXTENSIONS SHALL BE GRANTED WITHOUT A SHOWING OF GOOD CAUSE.

Dated this 5th day of May, 2022.

Honorable David C. Bury
United States District Judge