**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric C Zamora, | No. CV-20-00043-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

On September 14, 2022, the Court granted summary judgment for Defendant Riley and denied summary judgment for Defendants Corizon, leaving only those claims for trial. (Order (Doc. 60)). On December 2, 2022, the Court appointed Rosemary Gordon-Panuco to represent Plaintiff pro bono for purposes of trial and settlement. The Court referred the case to the Honorable Lynnette C. Kimmins for a settlement conference, and to accommodate pro bono counsel's schedule and allow sufficient time for her to familiarize herself with the case, the Court directed that the settlement conference not be set before February 2023. (Order (Doc. 61)). On February 27, 2023, Defendants Corizon filed a Notice of Filing for Bankruptcy, (Notice (Doc. 62)), and the Court entered a mandatory stay on March 1, 2023, (Order (Doc. 63)). The Court ordered status reports to be filed every 6 months. *Id.*

On December 22, 2023, Defendants filed a status report reflecting the bankruptcy parties were preparing to mediate the bankruptcy case, and the Trustee had received and was considering a request by several personal injury claimants for the formation of an

additional committee, specifically a Tort Claimants' Committee, pursuant to 11 U.S.C. § 1102(a), to provide them with adequate representation in the bankruptcy proceeding. The next status report is due June 22, 2024.

On May 16, 2024, Plaintiff filed a Motion for a Status Update for Settlement Conference. (Motion (Doc. 65)). Plaintiff is represented by counsel, and while represented by counsel, he may not appear or act in his own behalf in the case or take any steps, herein. LRCiv. 83.3(c)(2). The bankruptcy stay reaches the entirety of this case, including any settlement conference before Magistrate Judge Kimmins. The Court withdraws the reference to Magistrate Judge Kimmins.

The Court notes that Plaintiff's request for a status report on settlement may be referring to the bankruptcy mediation; the Court does not know if the claims in this case are included as part of the mediation occurring in the bankruptcy proceeding. The Court asks Plaintiff's counsel to please contact him, ensure that copies of all bankruptcy status reports and all filings made in this case have been and are sent to him, and explain to him the status of the bankruptcy proceeding in relation to his claims in this case. Defendant Corizon is directed to file the next status report for the bankruptcy proceeding early, and it should address the status of Plaintiff's claims brought here and whether they are captured within the bankruptcy proceeding and if not, explain why.

**Accordingly,**

**IT IS ORDERED** that the Motion for Status Report on Settlement (Doc. 65) is DENIED IN PART AND GRANTED IN PART.

**IT IS FURTHER ORDERED** that the referral to Magistrate Judge Kimmins for a settlement conference is WITHDRAWN; the settlement conference shall not proceed in this case at this time.

**IT IS FURTHER ORDERED** that the status report regarding the bankruptcy proceeding due in June shall be filed within seven days of the filing date of this Order.

**IT IS FURTHER ORDERED** that within seven days of the filing of the bankruptcy status report, Plaintiff's counsel shall review it, contact Plaintiff, and file a

1  Response to the Defendants' bankruptcy status report explaining the status of Plaintiff's
2  claim here in relation to the bankruptcy case and confirm that Plaintiff has been contacted
3  regarding the status of this case and instructed to contact counsel for any further inquiries
4  regarding this case.
5       Dated this 3rd day of July, 2024.

_____
Honorable David C. Bury
United States District Judge